# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATHANIEL MCCAIN,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:23-0059 |
| v. | : (JUDGE MANNION) |
| **JOSE PINEDA,** | : |
| **Defendant** | : |

## MEMORANDUM

### I. Background

Plaintiff, an inmate confined in the State Correctional Institution, Camp Hill, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The sole Defendant is Jose Pineda, a Lancaster County Prison Correctional Officer. Id. Plaintiff alleges that Defendant McCain assaulted Plaintiff while Plaintiff was an inmate housed in the Lancaster County Prison. Id. For relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory relief. Id.

For the reasons that follow, the Court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania.

## II. Discussion

Section 1391(b) of Title 28 of the United States Code provides, in relevant part that:

A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The sole Defendant named in Plaintiff's complaint is Jose Pineda, a Lancaster County Prison Correctional Officer. (Doc. 1). Plaintiff complains of a January 17, 2021 incident in which Defendant Pineda allegedly assaulted Plaintiff while he was housed at the Lancaster County Prison. Id. Lancaster County is located in the Eastern District of Pennsylvania. See 28 U.S.C. §118(a).

The Court is permitted to raise the issue of an apparent lack of venue, *sua sponte*, provided that it gives Plaintiff notice of its concerns and an opportunity to be heard on the issue. See Baily v. Kirsch, No. 1:19-CV-1281, 2019 WL 3336966 at *1 (M.D. Pa. July 24, 2019) (citing Stjernholm v.

Peterson, 83 F.3d 347, 349 (10th Cir. 1996); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). The only named Defendant in this case is located in the Eastern District of Pennsylvania, and the events giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania. Therefore, Plaintiff does not allege facts that would give rise to venue in the Middle District of Pennsylvania. Through the filing of this Memorandum, the Court is placing Plaintiff on notice that he does not allege facts that would give rise to venue in the Middle District of Pennsylvania.

Section 1406(a) of Title 28 of the United States Code provides, in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Accordingly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought. A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962). "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather

than to dismiss the litigation." 14D Wright & Miller §3827 at 540 (4th Ed. 2013); see also Holiday v. Bally's Park Place, Inc., No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").

In this case, since Plaintiff is a *pro se* litigant, the interest of justice compels me to transfer this case so as to adequately protect Plaintiff's rights. Transferring this case avoids any potential prejudice that might flow from the outright dismissal of Plaintiff's case. See Baily, 2019 WL 3336966 at *2 (citing Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965)

### III. Conclusion

For the reasons set forth herein, the Court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania.

An appropriate order shall issue.

*[signature]*

MALACHY E. MANNION
United States District Judge

Dated: January // 2023
23-0059-01